## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRAINOR GLASS COMPANY**     * | |
| 715 East 7th Street | |
| Richmond, Virginia 23224     * | |
| | |
|     **Plaintiff,**     * | **Civil Action No.** _____ |
| | |
| **v.**     * | |
| | |
| **JAMES G. DAVIS CONSTRUCTION**     * | |
|     **CORPORATION** | |
| 12530 Parklawn Drive     * | |
| Rockville, Maryland | |
|     * | |
| **and** | |
|     * | |
| **CAPITOL PLAZA I, LLC** | |
| c/o Stephen A. Goldberg Company     * | |
| 1615 M Street, N.W. | |
| **Suite 850**     * | |
| Washington, D.C. 20036 | |
|     * | |
| **and** | |
|     * | |
| **VEF-VN CAPITOL PLAZA I, LLC** | |
| c/o Corporation Service Company     * | |
| 1090 Vermont Avenue, N.W. | |
| Washington, D.C. 20005     * | |
| | |
|     **Defendants.**     * | |

### NOTICE OF REMOVAL OF ACTION FROM D.C. SUPERIOR COURT
### TO U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Defendant James G. Davis Construction Corporation ("Davis" or "Defendant"), by

counsel, Quagliano & Seeger, P.C., and pursuant to 28 U.S.C. §1441, et seq., removes this matter

to the United States District Court for the District of Columbia. As grounds therefore, Defendant

states as follows:

1.    Plaintiff Trainor Glass Company ("Plaintiff") filed its Complaint in the Superior Court for the District of Columbia, C.A. NO. 07-005227R(RP), Judge Judith Bartnoff, on July 27, 2007, and on August 10, 2007, served Davis by electronic mail.  Accordingly, this notice of removal is filed within the time prescribed by 28 U.S.C. § 1446(b).

2.    The Complaint appears to contain one count against Defendants against Capitol Plaza I, LLC And VEF-VN Capitol Plaza I, LLC, three (3) counts against Davis.  The Complaint seeks $1,587,402.70, in damages, declaratory relief, entry of a preliminary injunction, and, entry of an order directing the dismissal of the pending arbitration, and the enforcement of certain mechanic's lien against real property located into the District of Columbia.  Davis vigorously opposes Plaintiff's claims and contests liability.

3.    As set forth in the caption of the Complaint, Plaintiff is a citizen of Illinois Defendant Davis is a Virginia corporation with its principal place of business in the Maryland.  Upon information and belief, Defendant Capitol Plaza I, LLC and VEF-VN Capitol Plaza I, LLC are both Delaware corporations.

4.    This Court has original jurisdiction in this matter under diversity of citizenship, 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

5.    This action is removable under 28 U.S.C. §1441(b) as Plaintiff is not a citizen of the District of Columbia.

6.    A copy of the Complaint, Summons and Initial Order, is attached hereto, in accordance with 28 U.S.C. § 1446(a).  A copy of the Notice of Removal to be filed with the D.C. Superior Court is also attached hereto.

WHEREFORE, Defendant Davis Company respectfully requests that this action be, and hereby is removed from the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia.

Respectfully submitted,

QUAGLIANO & SEEGER, P.C.

By: _____

Stephen M. Seeger, DC Bar #431258
Emily D. Gooding, DC Bar # 496227
2620 P Street, N.W.
Washington, D.C. 20007
Phone: (202) 822-8838
Fax: (202) 822-6982
Email: sseeger@quagseeg.com

**Counsel for James G. Davis Construction Corporation**

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Removal was sent by electronic mail and U.S. Mail, first-class, postage pre-paid on **August 17, 2007**, to:

Kevin M. Tracy, Esq.
McNamee, Hosea, Jernigan, Kim
Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD  20770
Tel.    (301) 441-2420
e-mail: KTracy@MHLawyers.com

3

*Counsel for Plaintiff*

Trainor Glass Company
CAPITOL PLAZA I, LLC
c/o Stephen A. Goldberg Company
1615 M Street, N.W.
Suite 850
Washington, D.C. 20036

VEF-VN CAPITOL PLAZA I, LLC
c/o Corporation Service Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

_____
Stephen M. Seeger

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **TRAINOR GLASS COMPANY,** | * | |
| **Plaintiff,** | * | |
| | | Civil No.  07ca005227 |
| **v.** | * | Calendar # |
| | | Judge Judith Bartnoff |
| **JAMES G. DAVIS CONSTRUCTION** | * | Next Event: Initial Conference |
| **CORPORATION,** *et al,* | | Friday, 9:30 am, October 26, 2007 |
| | * | |
| **Defendants.** | | |
| | * | |

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Please take notice that Defendant James G. Davis Construction Corporation, by counsel,

Quagliano & Seeger, P.C., files this notice of removal pursuant to 28 U.S.C. § 1446(d)

Defendant has removed this matter to the United States District Court for the District of

Columbia in accordance with 28 U.S.C. § 1441, *et seq.*  A copy of the Notice of Removal filed

with the U.S. District Court is attached hereto.

Respectfully submitted,

QUAGLIANO & SEEGER

By:     /s/ Stephen M. Seeger
Stephen M.Seeger, DC Bar #431258
Emily D. Gooding, DC Bar # 496227
2620 P Street, N.W.
Washington, D.C. 20007
Phone: (202) 822-8838
Fax: (202) 822-6982
Email: sseeger@quagseeg.com

**Counsel for James G. Davis Construction**
**Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Removal was sent by electronic mail

and U.S. Mail, first-class, postage pre-paid on **August 17, 2007,** to:

>Kevin M. Tracy, Esq.
>McNamee, Hosea, Jernigan, Kim
>Greenan & Walker, P.A.
>6411 Ivy Lane, Suite 200
>Greenbelt, MD 20770
>Tel.    (301) 441-2420
>e-mail: KTracy@MHLawyers.com
>
>***Counsel for Plaintiff***
>
>Trainor Glass Company
>CAPITOL PLAZA I, LLC
>c/o Stephen A. Goldberg Company
>1615 M Street, N.W.
>Suite 850
>Washington, D.C. 20036
>
>VEF-VN CAPITOL PLAZA I, LLC
>c/o Corporation Service Company
>1090 Vermont Avenue, N.W.
>Washington, D.C. 20005

_/s/ Stephen M. Seeger_
Stephen M. Seeger

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TRAINOR GLASS COMPANY
Vs.
JAMES G. DAVIS CONSTRUCTION CORPORATION

C.A. No.     2007 CA 005227 R(RP)

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH BARTNOFF
Date:  July 27, 2007
Initial Conference: 9:30 am, Friday, October 26, 2007
Location:   Courtroom 415
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

## SUPERIOR COURT OF THE DISTRICT COURT OF COLUMBIA
### CIVIL DIVISION

TRAINOR GLASS COMPANY
715 East 7th Street
Richmond, Virginia 23224

        Plaintiff

v.

JAMES G. DAVIS CONSTRUCTION
  CORPORATION
12530 Parklawn Drive
Rockville, Maryland 20852

and

CAPITOL PLAZA I, L.L.C.
c/o Stephen A. Goldberg Company
1615 M Street, N.W., Suite 850
Washington, D.C. 20036

and

VEF-VN CAPITOL PLAZA I, L.L.C.
c/o Corporation Service Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

        Defendants

Case No.    0005227-07

> **RECEIVED**
> Civil Clerk's Office
>
> JUL 2 7 2007
>
> Superior Court of the
> District of Columbia
> Washington, D.C.

---

## COMPLAINT

COMES NOW, the Plaintiff, Trainor Glass Company ("Trainor Glass"), by and through counsel, and files the within Complaint to enforce its mechanic's lien, for breach of contract, quantum meruit, and for injunctive relief seeking to stay an arbitration filed by the Defendant, James G. Davis Construction Corporation ("Davis").

## BACKGROUND

Trainor Glass files this action pursuant to D.C. Code § 40-303.08 to enforce its mechanic's lien rights and the District of Columbia Uniform Arbitration Act, D.C. Code Section 16-4302, seeking an order of this Court and a preliminary injunction staying an arbitration filed by Davis with the American Arbitration Association, case no. 16 421 Y 439 07. Trainor Glass contends that there is no written agreement between the parties pursuant to which arbitration may be compelled. This Honorable Court has jurisdiction to determine whether there is a contract between the parties pursuant to which arbitration may be compelled.

## PARTIES

1.      The Plaintiff, Trainor Glass, is a corporation formed pursuant to the laws of the State of Illinois, and it has its principal place of business located at 11901 South Austin Avenue, Alsip, Illinois 60803, and is authorized to conduct business in the District of Columbia.

2.      The Defendant, James G. Davis Construction Corporation, is, upon information and belief, a corporation formed pursuant to the laws of the State of Maryland, and it has its principal place of business located at 12530 Parklawn Drive, Rockville, Maryland 20852, and it is authorized to conduct business in the District of Columbia (hereinafter referred to as "Davis").

3.      The Defendant, Capitol Plaza I, L.L.C., is, upon information and belief, a limited liability company chartered under the laws of the State of Delaware.

4.      The Defendant, VEF-VN Capitol Plaza I, L.L.C., is, upon information and belief, a limited liability company chartered under the laws of the State of Delaware.

## JURISDICTION

5.      This Honorable Court has jurisdiction over this matter pursuant to the District of Columbia Code, Sections 13-423 and 43-303.08.

2

# STATEMENT OF FACTS

6.    This dispute arises out of a project known as Capitol Plaza I ("Project") located at 1200 First Street, N.W., Washington, D.C. 20002 ("Property").

7.    Davis was the general contractor for the Project, and it subcontracted with a glass company known as East Coast Glass Systems to provide labor and materials to the Project.

8.    After the Project began, East Coast Glass Systems encountered financial difficulties.

9.    Around approximately the same time period, Trainor Glass acquired the assets and certain specific liabilities of East Coast Glass Systems.

10.    In approximately the same time frame, Davis and Trainor Glass discussed completion of the subcontract work of East Coast Glass Systems at the Project. Trainor Glass represented that it would complete the work if and only if it were provided with a new scope of work and price, and upon the agreement that Trainor Glass would not be liable for any defaults of East Coast Glass on the Project or for any damages resulting therefrom. Davis agreed to these terms.

11.    The parties exchanged a written assignment of subcontract document, but the language was never agreed upon and a final executed document was never signed by both parties.

12.    Trainor sent Davis a proposed consent to assignment of the East Coast Glass subcontract, the same document that had been used on other projects. The proposed document left blank the adjusted contract price and remaining balance. Davis subsequently returned the proposed agreement with revisions, changing the parties' agreement regarding an acknowledgement that Trainor would not be responsible for the defaults of East Coast Glass.

3

Trainor then further revised the document to conform it to the parties' negotiated agreement. Subsequent to receipt of the further revised agreement, Davis instructed Trainor Glass to begin work pursuant to the agreed upon scope and price. Davis never initialed the further revised assignment. Trainor Glass completed the work but has not been paid in full. Davis has alleged backcharges against Trainor Glass due to the defaults of East Coast Glass Systems. *See* further revised assignment attached hereto and incorporated herein by reference as Exhibit 1.

13.     Despite the provision of labor and materials by Trainor Glass, Davis has failed and refused to pay Trainor Glass pursuant to the parties' agreement. As a result, Trainor Glass recorded notices of intent to claim a mechanic's lien against the Property. *See* notices attached hereto and incorporated herein by reference as Exhibit 2. Trainor Glass now files this action to enforce the mechanic's lien and to recover all amounts owed by Davis pursuant to the parties' agreement.

## COUNT I
### (Enforcement of Mechanic's Lien: Owner & Surety)

14.     The Plaintiff, Trainor Glass, incorporates by reference each and every allegation contained in paragraphs 1 through 13 above.

15.     Davis entered into a construction contract with the Owner, agreeing to improve the Property pursuant to the contract.

16.     Subsequently, Davis entered into a subcontract agreement with East Coast Glass Systems to provide labor and materials to the Project and to improve the Property. As set forth above, Trainor Glass completed the East Coast Glass Systems scope of work pursuant to its agreement with Davis.

17.     On June 22, 2007, Trainor Glass recorded a Notice of Intent to Claim a Mechanic's Lien against the current record Owner, VEF-VN Capitol Plaza I, L.L.C., with the

4

District of Columbia Recorder of Deeds, Instrument number 2007083440 in the principal amount of $414,164.00. On June 22, 2007, Trainor Glass also recorded a Notice of Intent to Claim a Mechanic's Lien against the prior record Owner, Capitol Plaza I, L.L.C., with the District of Columbia Recorder of Deeds, Instrument number 2007083441 in the principal amount of $414,164.00. *See* Exhibit 2.

18.     On June 22, 2007, a copy of the recorded notice of intent to claim a mechanic's lien was served on the resident agent of the Owner, Capitol Plaza I, L.L.C. *See* copy of affidavit of service attached hereto and incorporated herein by reference as Exhibit 3.

19.     On June 25, 2007, a copy of the recorded notice of intent to claim a mechanic's lien was served on the resident agent of the Owner, VEF-VN Capitol Plaza I, L.L.C. *See* copy of affidavit of service attached hereto and incorporated herein by reference as Exhibit 4.

20.     The East Coast Glass subcontract work began on or about April 4, 2005, and Trainor Glass began completing the work on October 26, 2006. Trainor Glass completed the work on May 31, 2007.

21.     The labor and materials provided by Trainor Glass were provided to Davis to improve Davis. *See* copy of deed incorporated into Exhibit 2.

WHEREFORE, the Plaintiff, Trainor Glass Company, respectfully requests that this Honorable Court:

A.     Establish the Mechanic's Lien in favor of Trainor Glass Company against the Property; and

B.     Enforce the mechanic's liens recorded among the District of Columbia Recorder of Deeds as instrument numbers 2007083440 and 2007083441, in the principal amount of $414,164.00 pursuant to the D.C. Code §40-303.08;

5

C.      Order that the real property and improvements commonly known as Capitol Plaza I located at 1200 First Street, N.W., Washington, D.C. 20002, which is currently owned by VEF-VN Capitol Plaza I, L.L.C., be sold and the proceeds of sale applied to the satisfaction of the Mechanic's Lien filed by Trainor Glass Company; and

D.      Grant any further such relief that this Honorable Court deems appropriate.

## COUNT II
### (Breach of Contract: Davis)

22.      The Plaintiff, Trainor Glass, incorporates by reference each and every allegation contained in paragraphs 1 through 21 above.

23.      Trainor Glass agreed with Davis to provide labor and materials to the Property relating to glass work.

24.      Trainor Glass supplied all of the labor and materials required by the parties' agreement.

25.      Davis materially breached the terms and conditions of the agreement by failing to pay Trainor Glass for the labor and materials provided, and by seeking to backcharge Trainor Glass for defaults of East Coast Glass.

26.      As a direct and proximate result of Davis' material breach of the agreement, Trainor Glass is owed the total sum of $414,164.00, plus interest. *See* statement of account attached hereto and incorporated herein by reference as Exhibit 5.

WHEREFORE, the Plaintiff, Trainor Glass Company, respectfully demands the entry of a judgment in its favor and against the Defendant, James G. Davis Construction Corporation, in the amount of $414,164.00, plus prejudgment interest, costs, and reasonable attorney's fees together with such other and further relief as is deemed appropriate.

6

## COUNT III
### (Quantum Meruit: Davis)

27.    The Plaintiff, Trainor Glass, incorporates by reference each and every allegation contained in paragraphs 1 through 26 above.

28.    Trainor Glass agreed to furnish and supply labor and materials to the Property at the request of Davis and in an anticipation of being paid pursuant to the parties' agreement.

29.    Davis and the Owner have received labor and materials with a total value of $1,173,238.70.00 for which they have had the use and benefit of such labor and materials, and to the detriment of Trainor Glass.

WHEREFORE, the Plaintiff, Trainor Glass Company, respectfully demands the entry of a judgment in its favor and against the Defendant, James G. Davis Construction Corporation, in the amount of $1,173,238.70, plus prejudgment interest and costs, together with such other and further relief as is deemed appropriate.

## COUNT IV
### (Preliminary Injunction: Davis)

30.    The Plaintiff, Trainor Glass, incorporates by reference each and every allegation contained in paragraphs 1 through 29 above.

31.    As set forth above, Davis initiated an arbitration proceeding relating to the disputes between Davis and Trainor Glass addressed in this Complaint. As indicated herein, there is no written agreement between the parties, and therefore, there is no agreement to arbitrate the parties' disputes.

32.    It is within the jurisdiction of this Honorable Court to determine whether an agreement to arbitrate exists between the parties, and pursuant to D.C. Code § 16-4302, this Court shall stay an arbitration proceeding where there is no agreement to arbitrate.

33.    Unless the arbitration is stayed pending this Court's determination of the parties' obligation to arbitrate their disputes, the Plaintiff, Trainor Glass, will suffer irreparable harm due to the unnecessary expense incurred in the litigation of the same claims in two forums.

34.    The Defendants will not suffer any harm as a result of the requested injunction since it will be afforded the right to pursue its claims in this Court.

35.    The likelihood that Trainor Glass will prevail on the merits is substantial since it is evident that the parties never reached a written agreement, and to the extent that the Court finds to the contrary, then that agreement must be the agreement containing the revisions signed by Trainor Glass exculpating it for the defaults of East Coast Glass.

36.    It is the express public policy of the District of Columbia, as set forth in the Uniform Arbitration Act, that the Court determine whether there exists an enforceable arbitration clause compelling the parties to arbitrate their disputes.

WHEREFORE, the Plaintiff, Trainor Glass Company, respectfully requests that this Honorable Court:

A.    Enter a preliminary injunction staying the pending arbitration between the parties pending a determination by this Court whether there exists an enforceable arbitration agreement between the parties;

B.    Enter an order determining that there is no written agreement between the parties compelling arbitration of disputes between the parties;

C.    Enter an order directing the dismissal of the pending arbitration and requiring the parties to bring their claims against each other in this action.

D.    Grant any further such relief that this Honorable Court deems appropriate.

8

TRAINOR GLASS COMPANY

By its attorney,

Date:  7·26·2007

Kevin M. Tracy, Esq., Bar #463918
McNamee, Hosea, Jernigan, Kim,
  Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420 phone

9

Jul 06 07 10:01a

## CONSENT TO AMENDMENT OF SUBCONTRACT

Whereas East Coast Systems, Inc. (East Coast) has entered into a subcontract with James D. Davis Construction Corporation, (Davis) dated May 2005 to provide labor and materials in connection with Capital Plaza I;

Whereas East Coast has entered into a letter of intent with Trainor Glass Company, Inc (Trainor) for the sale of the assets of East Coast to Trainor;

Whereas the subcontract between East Coast and Davis requires the consent of Davis for any assignment of the subcontract;

Now Therefore, in consideration of the payment often (10) dollars and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.    As of 26 October, 2006, the adjusted subcontract price is $4,027,172.00. There have been no changes, claims, or amendments to the subcontract other than as a result of change orders that have not been accounted for in the adjusted subcontract price, except for pending change orders and claims which have not been resolved.

2.    As of 26 October 2006, East Coast Glass Systems, Inc. has been paid $3,333,256.00 against the adjusted subcontract price with the difference represented by retainage in the amount of $191,596.43 being held by the Sponsor. The portion of the adjusted subcontract price attributable to the work being performed or materials to be provided after 26 October 2006 is $701,908.20 except for pending change orders and claims which have not been received.

3.    Davis consents to the assignment of the subcontract with East Coast Systems, Inc. to Trainor Glass Company, Inc. effective as of the assignment.

EXHIBIT

1

4. Trainor Glass Company agrees to complete the remaining obligations and scope of the work under subcontract.

5. As of 24 October 2006, Davis shall pay Trainor all sums, including retainage for work performed or materials supplied under the subcontract, in accordance with subcontract payment provisions.

6. Trainor shall be bound directly as Davis under the terms and conditions of the subcontract and any other contract documents referenced or incorporated therein after 24 October 2006 in accordance with the provisions of the contract.

So agreed this 24th day of October 2006.

_____
James Edwards Construction Corporation
By: Margaret M. Jones
Sr. Vice President & Director

_____
East Coast Glass Systems, Inc.
By: DAVID E. FARLEY JR.
(Print Name)

_____
Trainor Glass Company, Inc.
By: Thomas D. Trainor
(Print Name)

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF TAX AND REVENUE

RECORDER OF DEEDS                          515 D STREET, N.W.
(202) 727-5374                             WASHINGTON, D.C. 20001

### NOTICE OF INTENT TO CLAIM A MECHANIC'S LIEN

Filed and Recorded:

_____ A.M./P.M.
Instrument #:_____

**CLAIMANT/SUBCONTRACTOR**

Trainor Glass Company
715 East 7th Street
Richmond, VA 23224

**OWNER**

VEF-VN Capitol Plaza I, LLC
c/o Corporation Service Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

**GENERAL CONTRACTOR**

James G. Davis Construction Corporation
12530 Parklawn Drive
Rockville, MD 20852

```
Receipt# 786899

LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
515 D STREET NW
SUITE 202
WASHINGTON, DC
20001-
(202) 727-5374

Doc# 2007063448  Pgs: 4
Doc Type: MECHAN LN
  RECORDING       $     34.00
  SURCHARGE       $      6.50

Total             $     40.50
Cash Tendered     $     20.00
Check Amt. Tendered $   33.50
Change Due        $     13.00
Balance           $      0.00

Check Number          Amount
58656             $     33.50

Total Documents: 1
Total Fees: 2

Client Name GENERAL PUBLIC
06/22/2007 01:54:57 PM

Cashier: CASHIER5
```

**I.      AMOUNT OWED.**

Total Subcontract Amount:        $4,087,171.00
Payments Made:                   $3,673,007.00

Amount Owed:                     $414,164.00

**II.     DATES & SCOPE OF LABOR AND MATERIALS PROVIDED.**

EXHIBIT

2

The Claimant provided labor and materials to the General Contractor related to completion of the glass and glazing systems scope of work for the construction of the Capitol Plaza 1 project located at 1200 First Street, N.W., Washington, D.C. 20002, said property being owned by the Owner. The Claimant's scope of work is more particularly described in the subcontract between East Coast Glass Systems and the General Contractor dated April 4, 2005, as assigned to the Claimant on October 26, 2006. The Claimant provided labor and materials from approximately April 4, 2005 through May

31, 2007. A notice of substantial completion was issued stating the project was substantially complete on March 26, 2007.

## III.   LEGAL DESCRIPTION.

The real property to which the Claimant provided labor and materials and against which the Claimant claims a mechanic's lien is owned by the Owner, has a street address of 1200 First Street, N.E., Washington, DC 20002, and is more particularly described in the special warranty deed dated April 11, 2007 to the Owner as more particularly described in Exhibit A hereto; said deed being recorded among the District of Columbia Recorder of Deeds as document number 2007051249.

### VERIFICATION

The undersigned, Attorney for the mechanic's lien Claimant, hereby states under the pains and penalties of perjury that the contents of the Notice of Intent to Claim a Mechanic's Lien are true and correct to the best of his knowledge and information, and that the Claimant has the right to recover the amount claimed herein.

Date: _6·21·2007_                              _____
                                              Kevin M. Tracy, Esq.
                                              McNamee, Hosea, Jernigan, Kim,
                                                Greenan & Walker, P.A.
                                              6411 Ivy Lane, Suite 200
                                              Greenbelt, MD 20770
                                              (301) 441-2420 phone

STATE OF MARYLAND
Prince George's County:

I, Lise Powell, a Notary Public in and for the State of Maryland, Prince George's County, do hereby certify that Kevin M. Tracy, Attorney for Claimant in this Notice of Intent to Claim a Mechanic's Lien bearing date on the _22_ day of June, 2007, personally appeared before me and executed the said Mechanic's Lien, acknowledged the same to be his act and deed, and swore under oath and the pains and penalties of perjury that the statements made herein are true and correct to the best of his knowledge and information.

Given under my hand and seal this _22nd_ day of _June_, 2007.

[Notarial Seal]

_____
Notary Public

_ISE POWELL
NOTARY COMMISSION EXPIRES: 12-01-07

Page 2 of 2

EXHIBIT A

Part of Lot 257 in Square 672 in a subdivision made by 30/60 M Street Limited Partnership, as per plat recorded in Liber No. 198 at Folio 89 among the Land Records of the Office of the Surveyor of the District of Columbia and more fully described as follows:

BEGINNING from a point, said point marking the NW intersection of First Street and M Street, NE; thence running the following courses and distances by record:

West 154.72 feet; thence

North 222.375 feet; thence

East 154.72 feet; thence

South 222.375 feet to the point of beginning, and containing 34,405 square feet, more or less.

Note: At the date hereof the above described land is designated on the Records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot 849 in Square 672.

Doc# 2007051249 Fees:$2740340.45
04/13/2007   8:41PM Pages 4
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD

                                      34.00
                                       5.50
                               $ 1,370,240.50
RECORDING                      $ 1,370,240.50
SURCHARGE
RECORDATION TAX FEE
TRANSFER TAX FEE

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF TAX AND REVENUE

RECORDER OF DEEDS
(202) 727-5374

515 D STREET, N.W.
WASHINGTON, D.C. 20001

## NOTICE OF INTENT TO CLAIM A MECHANIC'S LIEN

Filed and Recorded:

_____ A.M./P.M.
Instrument #:_____

**CLAIMANT/SUBCONTRACTOR**

Trainor Glass Company
715 East 7th Street
Richmond, VA 23224

**OWNER**

Capitol Plaza 1, LLC
c/o Stephen A. Goldberg Company
1615 M Street, N.W., Suite 850
Washington, D.C. 20036

**GENERAL CONTRACTOR**

James G. Davis Construction Corporation
12530 Parklawn Drive
Rockville, MD 20852

```
                           Receipt# 786980

                             LARRY TODD
                         RECORDER OF DEEDS
                    WASH DC RECORDER OF DEEDS
                          515 D STREET NW
                             SUITE 202
                          WASHINGTON, DC
                              20001-
                           (202) 727-5374

            Doc# 2207062441   Pss: 4
            Doc Type: MECHAN LN
               RECORDING         $     34.00
               SURCHARGE         $      6.50

               Total            $      40.50
               Cash Tendered    $      13.00
               Check Amt. Tendered $   33.50
               Change Due       $       6.00
               Balance          $       0.00

               Check Number          Amount
               58557            $      33.50

            Total Documents: 1
            Total Fees: 2

            Client Name GENERAL PUBLIC
            06/22/2007 01:57:42 PM

               Cashier: CASHIER5
```

**I.    AMOUNT OWED.**

Total Subcontract Amount:        $4,087,171.00
Payments Made:                   $3,673,007.00

Amount Owed:                     $414,164.00

**II.    DATES & SCOPE OF LABOR AND MATERIALS PROVIDED.**

The Claimant provided labor and materials to the General Contractor related to completion of the glass and glazing systems scope of work for the construction of the Capitol Plaza 1 project located at 1200 First Street, N.W., Washington, D.C. 20002, said property being owned by the Owner. The Claimant's scope of work is more particularly described in the subcontract between East Coast Glass Systems and the General Contractor dated April 4, 2005, as assigned to the Claimant on October 26, 2006. The Claimant provided labor and materials from approximately April 4, 2005 through May

31, 2007. The Owner issued a notice of substantial completion stating the project was substantially complete on March 26, 2007.

## III.    LEGAL DESCRIPTION.

The real property to which the Claimant provided labor and materials and against which the Claimant claims a mechanic's lien is owned by the Owner, has a street address of 1200 First Street, N.E., Washington, DC 20002, and is more particularly described in the special warranty deed dated December 27, 2004 to the Owner as more particularly described in Exhibit A hereto; said deed being recorded among the District of Columbia Recorder of Deeds as document number 2004177218.

## VERIFICATION

The undersigned, Attorney for the mechanic's lien Claimant, hereby states under the pains and penalties of perjury that the contents of the Notice of Intent to Claim a Mechanic's Lien are true and correct to the best of his knowledge and information, and that the Claimant has the right to recover the amount claimed herein.

Date: _6·22·2007_

_____
Kevin M. Tracy, Esq.
McNamee, Hosea, Jernigan, Kim,
    Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420 phone

STATE OF MARYLAND
Prince George's County:

I, Lise Powell, a Notary Public in and for the State of Maryland, Prince George's County, do hereby certify that Kevin M. Tracy, Attorney for Claimant in this Notice of Intent to Claim a Mechanic's Lien bearing date on the _22_ day of June, 2007, personally appeared before me and executed the said Mechanic's Lien, acknowledged the same to be his act and deed, and swore under oath and the pains and penalties of perjury that the statements made herein are true and correct to the best of his knowledge and information.

Given under my hand and seal this _22nd_ day of _June_, 2007.

[Notarial Seal]

_____
Notary Public

## LISE POWELL
MY COMMISSION EXPIRES : 12-01-07

Exhibit "A"

All that certain lot or parcel of land together with all improvements thereon located and being in the City of Washington in the District of Columbia, more particularly described as follows:

Part of Lot numbered Two Hundred Fifty-seven (257) in Square numbered Six Hundred Seventy-two (672) in the subdivision made by 30/60 M Street Limited Partnership, as per plat recorded in the Office of the Surveyor for the District of Columbia in Liber 196 at folio 89, and more fully described as follows:

Beginning from a point said point marking the NW intersection of First Street and M Streets, NE thence running the following courses and distances by record:

    1) West 154.72 feet;
    2) North 222.375 feet;
    3) East 154.72 feet, and
    4) South 222.375 feet to the point of beginning, and containing 34,405 square feet, more
       or less.

The above referenced property is now known for purposes of assessment and taxation as Lot 849 in Square 672.

*OFFICE OF TAX AND REVENUE*

The Superior ~~Court, District of Columbia~~
~~Civil Division - Small Claims & Conciliation Branch~~
*515 OST* ~~409 E Street~~ NW Bldg #B
Washington, DC 20001 (202) 879-1120

*TRAILOR GLASS COMPANY*
~~Plaintiff~~ *CLAIMANT/SUBCONTRACTOR*

VS

~~Case # SC~~  *N/A*

Hearing Date  *N/A*

*CAPITOL PLAZA 1 LLC*
~~Defendant~~ *OWNER*

### Affidavit of Service by Process Server

I, *JOHN A MILLER*, have been duly authorized to make service of the ~~summons and~~ *NOTICE OF INTEN*
~~complaint~~ in the above-entitled cause, do hereby depose and certify: *CLAIM A MECHANICS*
*TO FILE*
*LIEN*

That my age is *63* and date of birth is *01/28/44*
That my ~~residential~~ address is Washington, DC
That my business address is ~~18th Place, NE,~~ Washington DC
That I am not party to or otherwise interested in this suit.

That on the *22 ND* day of *JUNE 2007* 2007 at *8:00* AM/*PM*, I
executed service of process on *CAPITOL PLAZA 1 LLC % DENN* at his/her
usual place of abode or employment at *1615 M ST SUITE 850*
*WASHINGTON DC 20036*
Washington, DC, with *JOR DONAN*, personal service or a person of
reasonable age and discretion, then residing therein, as directed by the plaintiff.

|  | Race | Sex | Height | Weight | Age |
|---|---|---|---|---|---|
| Description: | *C* | *M* | *5'11* | *180* | *35* |

**EXHIBIT**
**3**

*[Signature]*
Signature of Process Server

Subscribed and sworn before me on this *27* day of *June*, 200*07*

*[Signature]*
Notary Public/Deputy Clerk

BARBARA A. SHIRK
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires February 1, *2010*

*OFFICE OF TAX AND REVENUE*

~~The Superior Court,~~ District of Columbia
~~Civil Division - Small Claims & Conciliation Branch~~
*5150 ST* ~~409 E~~ Street NW ~~Bldg # B~~
Washington, DC 20001 ~~(202) 879-1120~~

*TRAINOR CLASS COMPNY*
~~Plaintiff~~ *CLAIMANT/SUBCONTRACTOR*

VS

Case # SC *N/A*

Hearing Date *N/A*

*VEF-VA CAPITOL PLAZA/ LLC*
~~Defendant~~ *OWNER*

### Affidavit of Service by Process Server

I, *JOHN A MILLA*, have been duly authorized to make service of the summons and *NOTICE*
complaint in the above-entitled cause, do hereby depose and certify: *INTENT TO CLAIM A*
*MECHANICS LIEN*

That my age is *63* and date of birth is *01-28-44*
That my ~~residential~~ address is Washington, DC
That my ~~business~~ address is *18th phase*, NE, Washington DC
That I am not party to or otherwise interested in this suit.

That on the *25th* day of *JUNE 2007* 2007 at *10:00* AM/PM, I
executed service of process on *CORPORATION SERVICE CO* at his/her
usual place of abode or employment at *1090 VERMONT AVE NW STE 430*
*WASHINGTON DC 20005 C/O RENEE RICA, ACTING R/A*
Washington, DC, with _____ personal service or a person of
reasonable age and discretion, then residing therein, as directed by the plaintiff.

|  | Race | Sex | Height | Weight | Age |
|---|---|---|---|---|---|
| Description: | *AA* | *F* | *5'6* | *130* | *40* |

*Signature of Process Server*

Subscribed and sworn before me on this *27* day of *June*, 200*7*

*Notary Public/Deputy Clerk*

BARBARA A. SHIRK
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires February 1, 2010

**EXHIBIT**
**4**

06/21/2007  03:37   3122362321        HILFMAN MARTIN BARR         PAGE  02/03

**EAST COAST GLASS SYSTEMS, INC.**
**Transaction List by Customer**
**January 1, 2005 through November 4, 2006**

James G. Davie Construction Co.
Capital Plaza 1
Jan 1, 2005 - Nov 4, 2006

| Type | Date | Num | Memo | Amount | Balance |
|------|------|-----|------|--------|---------|
| Invoice | | 3279 | On the East Coast System | | |
| Invoice | | 3281 | On the East Coast System | | |
| Invoice | | 3401 | On the East Coast System | | |
| Invoice | | 3421 | On the East Coast System | | |
| Invoice | | 3476 | On the East Coast System | | |
| Invoice | | 3497 | On the East Coast System | | |
| Invoice | | 3503 | On the East Coast System | | |
| Invoice | | 3549 | On the East Coast System | | |
| Credit Memo | | 3531 | On the East Coast System | | |
| Invoice | | 3586 | On the East Coast System | | |
| Invoice | | 3634 | On the East Coast System | | |
| Invoice | | 3635 | On the East Coast System | | |
| Credit Memo | | 3577 | On the East Coast System | | |
| Invoice | | 3585 | On the East Coast System | | |
| INVOICE | | 5574002 | On the Twiner System | | |
| INVOICE | | 5574004 | On the Twiner System | | |
| INVOICE | | 5574005 | On the Twiner System | | |
| INVOICE | | 5574006 | On the Twiner System | | |
| INVOICE | | 5574007 | On the Twiner System | | |

Total Invoiced          $   444,184.62

## SUPERIOR COURT OF THE DISTRICT COURT OF COLUMBIA
### CIVIL DIVISION

TRAINOR GLASS COMPANY      :

        Plaintiff      :

v.      :

JAMES G. DAVIS CONSTRUCTION      :     Case No.
    CORPORATION

   and      :

CAPITOL PLAZA I, L.L.C.      :

   and      :

VEF-VN CAPITOL PLAZA I, L.L.C.      :

        Defendants      :

---

### DEMAND FOR JURY TRIAL

The Plaintiff, Trainor Glass Company, by and through counsel, pursuant to Rule 48 of the District of Columbia Rules of Civil Procedure, hereby demands a trial by jury on all claims of the foregoing Complaint.

TRAINOR GLASS COMPANY

By its attorney,

Date: _7·24·2007_

Kevin M. Tracy, Esq., Bar #463918
McNamee, Hosea, Jernigan, Kim,
   Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420 phone

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Trainor Glass Company | James G. Davis Construction Corporation, Capitol Plaza I, LLC and VEF-VN Capitol Plaza I, LLC |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Richmond<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)    District of Columbia<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kevin M. Tracy, Esq.<br>McNamee, Hosea, Jernigan, Kim<br>Greenan & Walker, P.A.<br>6411 Ivy Lane, Suite 200<br>Greenbelt, MD 20770 | Stephen M. Seeger<br>Quagliano & Seeger, P.C.<br>2620 P Street, N.W.<br>Washington, D.C. 20007 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

⦿ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⦿ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⦿ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ⊙ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,587,402.70   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  August 17, 2007    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.