IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRAINOR GLASS COMPANY,** * | |
| Plaintiff, * | |
| | Case No. 1:07-cv-01497 |
| v. * | Judge Royce C. Lamberth |
| **JAMES G. DAVIS CONSTRUCTION** * | |
| **CORPORATION,** *et al,* | |
| * | |
| Defendants. | |
| * | |

## ANSWER

COMES NOW, Defendant James G. Davis Construction Corporation ("Davis"), by and through counsel Quagliano & Seeger, P.C., without waiver or prejudice to its Motion to Stay Litigation Pending Arbitration filed herewith, and for its Answer to the Complaint of Trainor Glass Company ("Trainor") does hereby state upon information and belief as follows:

### PARTIES

1. Davis has insufficient information to admit or deny the allegations in Paragraph 1 and, therefore, denies same and demand strict proof thereof.

2. Admit.

3. Davis has insufficient information to admit or deny the allegations in Paragraph 3 and, therefore, denies same and demand strict proof thereof.

4. Davis has insufficient information to admit or deny the allegations in Paragraph 1 and, therefore, denies same and demand strict proof thereof.

### JURISDICTION

5. Paragraph 5 sets forth a legal conclusion to which no answer is required.

## STATEMENT OF FACTS

6. Admit.

7. Admit only that Davis was the general contractor on the Project and that Davis entered into a subcontract with East Coast Glass Systems to perform specified construction services on the Project. The Subcontract speaks for itself and, therefore, Davis denies any representations or allegations inconsistent therewith.

8. Davis has insufficient information to admit or deny the allegations in Paragraph 8 and, therefore, denies same and demand strict proof thereof.

9. Davis has insufficient information to admit or deny the allegations in Paragraph 9 and, therefore, denies same and demand strict proof thereof.

10. Denied.

11. Denied.

12. Admit only that Trainor sent Davis a proposed form to consent to the assignment of the Subcontract, that Davis modified the form and consented to the assignment of the Subcontract, a copy of which is attached to the Complaint as Exhibit 1. Davis denies the remaining allegations in Paragraph 12.

13. Admit only that Trainor filed mechanic's lines against the Project, copies of which are attached to the Complaint as Exhibit 2. Davis denies the remaining allegations in Paragraph 13.

## COUNT I
(Enforcement of Mechanic's Lien: Owner & Surety)

14. Davis reasserts and realleges its answers to paragraphs 1 through 13 as if fully set forth herein.

15. Admit that Davis as the general contractor entered into a Contract with the Owner to perform specified construction services on the Project. The Contract speaks for itself and, therefore, Davis denies any representations or allegations inconsistent therewith.

16. Admit only that Davis entered into a subcontract with East Coast Glass Systems to perform specified construction services on the Project. The Subcontract speaks for itself and, therefore, Davis denies any representations or allegations inconsistent therewith. Davis denies the remaining allegations in Paragraph 16.

17. Admit only that Trainor filed mechanic's liens on the Project. Davis denies the remaining allegations in Paragraph

18. Davis has insufficient information to admit or deny the allegations in Paragraph 18 and, therefore, denies same and demand strict proof thereof.

19. Davis has insufficient information to admit or deny the allegations in Paragraph 19 and, therefore, denies same and demand strict proof thereof.

20. Davis has insufficient information to admit or deny the allegations in Paragraph 20 and, therefore, denies same and demand strict proof thereof.

21. Denied.

### COUNT II
(Breach of Contract: Davis)

22. Davis reasserts and realleges its answers to paragraphs 1 through 21 as if fully set forth herein.

23. Admit only that Davis entered into a subcontract with East Coast Glass Systems to perform specified construction services on the Project. The Subcontract speaks for itself and, therefore, Davis denies any representations or allegations inconsistent therewith. Denied.

24. Denied.

25.  Denied.

26.  Denied.

## COUNT III
(Quantum Meruit: Davis)

27.  Davis reasserts and realleges its answers to paragraphs 1 through 26 as if fully set forth herein.

28.  Admit only that Trainor was assigned all rights and duties under the East Coast Glass Systems Subcontract relating to the Project.  Davis denies the remaining allegations in Paragraph 28.

29.  Denied.

## COUNT IV
(Preliminary Injunction: Davis)

30.  Davis reasserts and realleges its answers to paragraphs 1 through 29 as if fully set forth herein.

31.  Admit only that in accordance with the terms and conditions of the East Coast Glass Systems subcontract, Davis filed a demand for arbitration against Trainor as the assignee of the East Coast Glass Systems subcontract.  Davis denies the remaining allegations in Paragraph 31.

32.   Paragraph 32 sets forth a legal conclusion to which no answer is required.  To the extent that Paragraph 32 contains any allegation of fact, it is denied.

33.  Denied.

34.  Denied.

35.  Denied.

36. Paragraph 36 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 36 contains any allegation of fact, it is denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Davis denies all averments except to the extent expressly admitted.

2. All claims asserted in the Complaint arise out of or relate to the Project and the work of East Coast Glass and/or Trainor as assignee of the East Coast Glass subcontract and, in accordance with the terms of the East Coast Glass subcontract, are subject to arbitration pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association – not litigation before this Court.

3. Trainor has failed to state a claim for which relief can be granted.

4. Trainor's claims are barred by its preemptory and superseding breaches of contract.

5. Trainor's claims are barred by the doctrine of accord and satisfaction.

6. Trainor's claims are barred by the doctrine of release.

7. Trainor's claims are barred by the doctrine of payment.

8. Trainor's claims are barred by the doctrine of waiver.

9. Trainor failed to satisfy conditions precedent to this action.

WHEREFORE, James G. Davis Construction Corporation respectfully requests that this Honorable Court stay any further action on this matter pending arbitration of the disputes in accordance with the terms of the applicable contract or, failing to do so, declare the mechanic's lien and/or action on the mechanic's lien bond to be invalid and enter judgment in favor of Defendant, and award Defendant attorneys' fees, costs and such other and further relief as this Court deems appropriate.

DATED: August 28, 2007                              Respectfully submitted,

      /s/ Stephen M. Seeger
Stephen M. Seeger (D.C. # 431258)
Emily D. Gooding (D.C. # 496227)
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C. 20007
Phone: (202) 822-8838
Fax:     (202) 822-6982
Email: sseeger@quagseeg.com

***Counsel for Defendant***
***James G. Davis Construction Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was sent by electronic mail and U.S. Mail sent by electronic mail and first-class mail, with adequate postage pre-paid on **August 28, 2007,** to:

Kevin M. Tracy, Esq.
McNamee, Hosea, Jernigan, Kim
   Greenan & Walker, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Tel.    (301) 441-2420
e-mail: KTracy@MHLawyers.com

***Counsel for Plaintiff***
***Trainor Glass Company***

      /s/ Stephen M. Seeger
Stephen M. Seeger

6