IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRAINOR GLASS COMPANY | : | |
| Plaintiff | : | |
| v. | : | |
| JAMES G. DAVIS CONSTRUCTION CORPORATION, *et al.* | : | Case No. 1:07-cv-01497<br>Judge Royce C. Lamberth |
| | : | |
| Defendants | | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER DISMISSING PENDING ARBITRATION AND REQUEST FOR HEARING**

COMES NOW, the Plaintiff, Trainor Glass Company, by and through counsel, pursuant to the Federal Rules of Civil Procedure and the District of Columbia Uniform Arbitration Act, and in response to the Defendant's Opposition to Plaintiff's Motion for Order Dismissing Pending Arbitration and Request for Hearing, states the following.

The Plaintiff disputes the assertion contained in Defendant's Opposition to Plaintiff's Motion for Order Dismissing Arbitration (hereinafter "Defendant's Opposition") that the Plaintiff "concedes that Trainor is the assignee of the East Coast Glass System's subcontract." *See* Defendant's Opposition, pg. 1. The parties agree that Trainor completed the East Coast Glass scope of work on the project, but they dispute whether the written subcontract was assigned, and if it was, pursuant to what document. *See* Plaintiff's Memorandum, pg. 3.

More specifically, as set forth in the Affidavit of Thomas D. Trainor attached hereto and incorporated herein as Exhibit 1, the Defendant is incorrect in stating that the Plaintiff "acquired the assets and liabilities of East Coast Glass System." *See* Defendant's Opposition, pg. 2. To the contrary, Trainor acquired only specific liabilities of East Coast Glass which are unrelated to this

1

project, and it completed the East Coast Glass scope of work on the specific condition that it would not be held liable for the known defaults. *See* Exhibit 1. No reasonably competent business person would knowingly undertake responsibility for known defaults approaching $2,000,000.00.

The Plaintiff also disputes the assertion contained in Defendant's Opposition that the Plaintiff "previously admitted that it is bound by the terms set forth in the Subcontract." There is no dispute that the remaining subcontract work of East Coast Glass was completed by Trainor and there is no dispute that the scope of work is described in the East Coast Glass subcontract, but there is a dispute as to whether the written subcontract was assigned per a written assignment or the remaining subcontract work was verbally assigned for an agreed upon price.

Interestingly, the Defendant, in its Opposition, does not take a position as to which version of the purported assignment is the operative document. It is the Plaintiff's position that there was either a verbal assignment of the remaining East Coast Glass scope of work, in which case arbitration cannot be compelled, or there was a written assignment of the subcontract per Exhibit 3 attached to Trainor's motion to dismiss arbitration.

The Plaintiff and the Defendant hold drastically different views on the status and significance of the East Coast Glass Company subcontract. Since the Court must determine as a factual matter whether the parties agreed to an arbitration clause pursuant to which arbitration can be compelled, an evidentiary hearing is appropriate to assist the Court in making this determination. The Defendant states boldly that the Court can make this determination by reviewing the documents only, but it reaches this conclusion without even answering the basic question of which "assignment" is the source of the parties' obligation to arbitration.

Accordingly, the Plaintiff respectfully requests that this Honorable Court dismiss the pending arbitration, or in the alternative, make a factual finding that if the parties are obligated to arbitrate, that obligation arises pursuant to Exhibit 3 to the Plaintiff's motion.

TRAINOR GLASS COMPANY

By its attorney,

Date: __October 9, 2007__         /s/Kevin M. Tracy_____
                                  Kevin M. Tracy, Esq., Bar #463918
                                  McNamee, Hosea, Jernigan, Kim,
                                   Greenan & Walker, P.A.
                                  6411 Ivy Lane, Suite 200
                                  Greenbelt, MD 20770
                                  (301) 441-2420 phone

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a true copy of the foregoing Response to Defendant's Opposition to Plaintiff's Motion for Order Dismissing Pending Arbitration and Request for Hearing was served by first-class mail, postage pre-paid, on the following.

Stephen M. Seeger, Esq.
Emily D. Gooding, Esq.
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C. 20007
*Attorneys for Defendants*

Date: __October 9, 2007__         /s/Kevin M. Tracy_____
                                  Kevin M. Tracy

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

TRAINOR GLASS COMPANY )
)
      Plaintiff )
)
v. )
) Case No. 1:07-cv-01497
JAMES G. DAVIS CONSTRUCTION ) Judge Royce C. Lamberth
CORPORATION, et al. )
)
      Defendants )

## AFFIDAVIT OF THOMAS D. TRAINOR

I, Thomas D. Trainor, do hereby state under oath as follows:

1. I am over the age of eighteen (18) and I am competent to testify to the matters set forth in the within Affidavit.

2. I am the vice president and chief financial officer of Trainor Glass Company ("Trainor Glass") and have been employed with Trainor Glass since January 1996.

3. On or about November 3, 2006, Trainor glass purchased the assets and certain specific liabilities of East Coast Glass Systems ("East Coast Glass").

4. In connection with the purchase of East Coast Glass assets, Trainor sought assignment of certain ongoing subcontracts of East Coast Glass.

5. At the time of the asset purchase by Trainor, East Coast Glass was engaged in the installation of the curtainwall system on the Capitol Plaza project pursuant to its subcontract with the James G. Davis Construction Company ("Davis"). The Davis



– East Coast Glass subcontract prohibited assignment of same without the written consent of Davis.

6. Accordingly, Trainor Glass contacted Davis and offered to complete the Capital Plaza project for the portion of the subcontract price attributable to the work to be performed.

7. I was aware East Coast Glass had failed to meet certain project schedule dates, and was possibly a cause of delay on the Capitol Plaza project. I made it clear to Davis from the beginning of negotiations that Trainor Glass would not accept an assignment of the scope of work if Davis intended to hold Trainor Glass responsible for any prior defaults of East Coast Glass, or for any delay claims against East Coast Glass.

8. In the first week of November 2006, and subsequently, George Robinson, senior project manager for Davis, stated to me that Davis would waive any claim for delay damage against Trainor Glass for delays occurring prior to Trainor Glass's purchase of East Coast Glass.

9. Trainor Glass and Davis agreed to a price to be paid to Trainor Glass for it to complete the remaining scope of work, and Trainor Glass completed the scope of work on the project.

10. Prior to performing the work and in an attempt to memorialize the parties' agreement, Trainor Glass sent a proposed written assignment of subcontract. That proposed assignment is attached to the motion to dismiss arbitration as Exhibit 1. Davis then made changes to the proposed written assignment, but Trainor Glass did not agree to those changes because they left open the possibility of Davis attempting to hold Trainor Glass responsible for the East Coast Glass defaults. Subsequently, Trainor Glass struck

the offensive provisions, initialed the change, signed the assignment and returned it to Davis. Davis never countersigned the revised agreement nor initialed the change. Davis did, however, instruct Trainor Glass to commence work, which it did.

11. Upon completion of Trainor Glass' work at the Project, and in contravention of the parties' agreement, Davis has sought to hold Trainor Glass responsible for the defaults of East Coast Glass. That is the subject of the dispute in this litigation.

12. Trainor Glass contends that a final written assignment was never reached between the parties, and if any document can be considered a written assignment from which Trainor Glass can be compelled to arbitrate, it is the document that was revised by Trainor Glass, signed, initialed and returned to Davis prior to Davis' direction to Trainor Glass to begin work.

I SOLEMNLY AFFIRM under the pains and penalties of perjury that the statements made in the foregoing Affidavit are true and accurate to the best of my knowledge and information.

Date: 10/8/2007

_____
Thomas D. Trainor