IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRAINOR GLASS COMPANY | : | |
|     Plaintiff | : | |
| v. | : | |
| JAMES G. DAVIS CONSTRUCTION<br>  CORPORATION | : | Case No. 1:07-cv-01497<br>Judge Royce C. Lamberth |
| | : | |
| and | | |
| | : | |
| CAPITOL PLAZA I, L.L.C. | | |
| | : | |
| and | | |
| | : | |
| VEF-VN CAPITOL PLAZA I, L.L.C. | | |
| | : | |
|     Defendants | | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER DISMISSING PENDING ARBITRATION**

COMES NOW, the Plaintiff, Trainor Glass Company, by and through counsel, and files the within Supplemental Memorandum in Support of Motion for Order Dismissing Pending Arbitration.

In support, the Plaintiff states that the purpose of this memorandum is to file with the Court the Scheduling Order entered in the pending arbitration. In the pending arbitration, the arbitrators requested statements and related documents be submitted on or before November 27, 2007, so as to enable them to make a determination as to their own jurisdiction over this dispute. While any determination made by the arbitrators would be subject to review by the Court, it is the Court's role to determine whether a dispute is subject to arbitration.[1] Accordingly, this

---

[1] It is a well-settled general principle that a federal court holding jurisdiction over an action based upon diversity must apply the substantive law of the forum state. 28 U.S.C.A. §1652. More specifically,

- 1 -

Supplemental Memorandum and the attached Scheduling Order are being filed with the Court in an abundance of caution to inform the Court of the status of the arbitration and to avoid the potential for inconsistent rulings.

                                      TRAINOR GLASS COMPANY

                                      By its attorney,

Date: <u>December 3, 2007</u>                <u>/s/ Kevin M. Tracy</u>
                                              Kevin M. Tracy, Esq., Bar #463918
                                              McNamee, Hosea, Jernigan, Kim,
                                                Greenan & Walker, P.A.
                                              6411 Ivy Lane, Suite 200
                                              Greenbelt, MD 20770
                                              (301) 441-2420 phone

---

to the direct issue of determining whether the parties agreed to arbitrate is left to the law of the laws of the forum (the District of Columbia). *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under District of Columbia law,

> . . . the Court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the Court shall order the parties to proceed to arbitration.

D.C. Code, § 16-4302(b). See also *Bailey v. Federal Nat. Mortg. Ass'n*, 209 F.3d 740, 746 (2004) (holding that "[a]rbitration is predicated upon the consent of the parties to a dispute, and ***the determination of whether the parties have consented to arbitrate is a matter to be determined by the courts*** on the basis of the contracts between the parties." (emphasis added)).

- 3 -

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the date set forth below a true copy of the foregoing Supplemental Memorandum in Support of Motion for an Order Dismissing Pending Arbitration was served by first-class mail, postage pre-paid, upon the following.

    Stephen M. Seeger, Esq.
    Emily D. Gooding, Esq.
    Guagliano & Seeger, P.C.
    2620 P Street, N.W.
    Washington, D.C. 2007
    *Attorneys for Defendants*


Date: <u>December 3, 2007</u>　　　　　　　　　　　/s/ Kevin M. Tracy_____
　　　　　　　　　　　　　　　　　　　　　　　　Kevin M. Tracy, Esq.

# AMERICAN ARBITRATION ASSOCIATION
## Construction Arbitration Tribunal

In the Matter of the Arbitration between

Re:   16 421 Y 00439 07

James G. Davis Construction Corp.
And
Trainor Glass Company, Inc.

## SCHEDULING AND PROCEDURE ORDER

As a result of the Preliminary Hearing on November 6, 2007 the following Scheduling and Procedure Order is hereby issued to govern proceedings in this Arbitration:

1. **November 16, 2007.**

Each party shall deliver to the other their written requests for production of documents relating to the claims, defenses and damages in this arbitration.

2. **December 17, 2007.**

Each party shall provide the other with copies of all documents requested or make all such documents available for inspection and copying by the other party.

3. **February 1, 2008.**

Each party shall deliver to the other and to each Arbitrator statements itemizing the claims and counterclaims to be pursued in this Arbitration and any damages to be sought in connection with those claims or counterclaims together with a list of the names and addresses of all fact and expert witnesses expected to be called by either party in its case in chief.

4. **February 8, 2008.**

Each party shall deliver to the other and each Arbitrator statements itemizing their defenses to the claims and counterclaims to be presented in this Arbitration.

5. **March 3, 2008.**

Each party will deliver to the other their list of all Exhibits which they expect to offer in their case in chief in this Arbitration.

6. **March 24, 2008.**

Each party shall deliver to the other and to each Arbitrator their pre-hearing statements consisting of at least the following:

    A.  A statement of the factual and legal basis for their contentions that they are entitled to an award in this Arbitration,
    B.  A list of the names and addresses of all fact witnesses expected to be called by each party in its case in chief with a brief statement of the subjects to which each is expected to

1

|   |   |
|---|---|
|   | testify, |
| C. | A list of the names and addresses of each expert witness expected to called by each party In its case in chief, together with a current curriculum vitae and a written report for each expert, or in the absence of a written report, a statement of the facts and opinions to which each is expected to testify, |
| D. | A list of any stipulations of fact or as to documents to which the parties have agreed, and |
| E. | A joint list of all exhibits expected to be offered by each party in its case in chief in this Arbitration. |

7. **April 7-11, 2007.**

The hearings on the merits of the claims and counterclaims in this matter shall take place in Washington, DC beginning at 10:00AM each day at a location to be agreed upon by the parties or, in the absence of such agreement at a location to be selected by the Panel.

8. **Other.**

A. On or before November 16, 2007 the parties will confer and advise the Panel as to the form of award requested and as to whether or not a court reporter will be present.

B. If a court reporter is to be present all arrangements for that service will be made and paid for by the parties.

C. The parties will participate in the Accelerated Exchange Program.

November 12, 2007                                                Larry D. Harris

                                                                 Matthew B. Ruble

                                                                 J. Snowden Stanley, Jr.

B0754231.DOC

2

# AMERICAN ARBITRATION ASSOCIATION
## Construction Arbitration Tribunal

In the Matter of the Arbitration between

Re:   16 421 Y 00439 07

James G. Davis Construction Corp.
And
Trainor Glass Company, Inc.

## ORDER REGARDING JURISDICTIONAL ISSUES

In response to the positions advanced by the parties at the Preliminary Hearing on November 6, 2007 regarding the Trainor Glass Company's Objections to Jurisdiction, the following Order is hereby issued:

On or before, November 27, 2007, each party shall deliver to the other and to each Arbitrator their statements of the factual and legal bases, including citations of any legal authority, for their positions on the questions of whether this Arbitration may proceed to resolve the issues between the parties.

The submission by the Respondent should include, but not be limited to, copies of the attachments cited in the Trainor Glass Company's Objection to Jurisdiction, a copy of the Assignment Agreement between Trainor and East Coast Glass Company, a copy of the Agreement dated October 26, 2006 between Trainor Glass Company, Inc. and James G. Davis Construction Corp. and any reply which Trainor wishes to make to the Davis Response to Trainor Glass Company's Objection to Jurisdiction.


November 12, 2007                                          Larry D. Harris

                                                           Matthew B. Ruble

                                                           J. Snowden Stanley, Jr.


B0754707.DOC