IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRAINOR GLASS COMPANY | : | |
| Plaintiff | : | |
| v. | : | Case No. 1:07-cv-01497<br>Judge Royce C. Lamberth |
| JAMES G. DAVIS CONSTRUCTION CORPORATION, *et al.* | : | |
| | : | |
| Defendants | | |

**FOLLOW-UP REQUEST FOR EVIDENTIARY HEARING**

COMES NOW, the Plaintiff, Trainor Glass Company, by and through counsel, and files the within Request for an Evidentiary Hearing on its Motion to Dismiss Arbitration.

In support, the Plaintiff states that it files the within Request to inform the Court that the arbitration hearing has been scheduled for April 7 through 11, 2008. Between the date of this Request and the date of the hearing, the parties will expend substantial resources in preparation for the hearing. Since the Plaintiff maintains that there is no written agreement between the parties upon which an arbitration can be compelled, the Plaintiff files this request in an attempt to schedule an evidentiary hearing regarding the initial threshold question of whether there is an arbitration agreement between the parties upon which the arbitration can be compelled and upon which the American Arbitration Association has already purported to assert jurisdiction.

Regarding the merits of this matter, the Plaintiff, Trainor, completed the work of a defaulting glass subcontractor on an office building project in the District of Columbia. Trainor completed the work, which the parties agreed had a remaining value of $701,908.20. The Defendant maintains that Trainor, while agreeing to complete the $701,908.20 scope of work, also agreed to purchase the liabilities of the prior glass subcontractor. Those liabilities are

claimed by the Defendant to be over $2,800,000.00. Trainor did not make this agreement, and no reasonable business person would.

The issue before the Court is whether or not Trainor is subject to the terms of the written arbitration agreement between the Defendant and the prior glass contractor, and if so, pursuant to what document; or whether Trainor and the Defendant had a new, unwritten agreement—a scope of work to be completed for consideration of $701,908.20. This issue is a threshold matter for the Court to determine, and given the scope of the Defendant's damages claim and the devastating effect it would have on Trainor, it is imperative that Trainor not be forced to arbitrate on a fast track basis with limited discovery rights.

Accordingly, the Plaintiff, Trainor Glass Company, respectfully requests that this Honorable Court schedule an evidentiary hearing on this threshold issue as soon as possible, but otherwise prior to the arbitration hearing.

TRAINOR GLASS COMPANY

By its attorney,

Date: February 25, 2008_____   /s/Kevin M. Tracy_____
                                  Kevin M. Tracy, Esq., Bar #463918
                                  McNamee, Hosea, Jernigan, Kim,
                                   Greenan & Walker, P.A.
                                  888 Bestgate Road, Suite 304
                                  Annapolis, MD 21401
                                  (410) 266-9909 phone

- 3 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a true copy of the foregoing Follow-Up Request for Evidentiary Hearing was served by email and by first-class mail, postage pre-paid, upon the following.

    Stephen M. Seeger, Esq.
    Emily D. Gooding, Esq.
    Quagliano & Seeger, P.C.
    2620 P Street, N.W.
    Washington, D.C. 20007

    J. Richard Margulies, Esq.
    J. Richard Margulies, Esq. & Associates
    1 Church Street, Suite 303
    Rockville, MD 20850

Date: February 25, 2008                /s/Kevin M. Tracy
                                                 Kevin M. Tracy